IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02209-CNS-SBP

ASHLEY GALLATIN,

    Plaintiff,

v.

VCG MOUNTAIN RIDGE LLC,

    Defendant.

---

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on plaintiff Ashley Gallatin's Motion for Default Judgment, ECF No. 11, and defendant VCG Mountain Ridge LLC's ("VCG") Motion to Set Aside Clerk's Entry of Default, ECF No. 19 ("Motion to Set Aside Default"). Both motions were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). *See* Order Referring Case, ECF No. 2. For the reasons below, the court **GRANTS** the Motion to Set Aside Default and **RECOMMENDS** that the Motion for Default Judgment be **DENIED as moot**.[1]

---

[1] "The Court's ruling on [a motion to set aside a Clerk's entry of default] is non-dispositive as it does not remove any claim or defense from this case." *Viegas v. Partner Colo. Credit Union*, No. 24-cv-00415-PAB-MDB, 2024 WL 5381421, at *1, n.1 (D. Colo. May 24, 2024) (brackets in original, quoting *Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-cv-03556-RM-GPG, 2020 WL 9424264, at *1 n. 2 (D. Colo. Apr. 28, 2020) (internal quotation marks omitted)), *recommendation adopted*, No. 24-cv-00415-PAB-STV, 2025 WL 224148 (D. Colo. Jan. 17,

1

## BACKGROUND[2]

Ms. Gallatin worked for VCG as a veterinary assistant but was terminated from her position on November 17, 2022. *See* Complaint, ECF No. 1 ("Compl.") ¶¶ 10, 33. Ms. Gallatin filed suit on August 9, 2024, bringing employment discrimination claims under state and federal law. *See generally id.* Ms. Gallatin purportedly served VCG on August 15, 2024, and filed the executed summons the same day. Return of Service, ECF No. 6. The Return of Service indicates that a process server delivered the summons, a civil cover sheet, and a copy of the Complaint to an individual named Shelby Davis, who the Return identifies as "Hospital Manager."[3] *Id.* Additionally, the Return reports that Ms. Davis told the process server that "they are authorized to accept service for [VCG]." *Id.* With a claimed date of service of August 15, 2024, VCG's answer or response to the complaint was due no later than September 5, 2024. *See id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i).

VCG did not answer or respond by the deadline. On September 25, 2024, the court directed Ms. Gallatin to move for an entry of default or file a status report. ECF No. 7. On September 30, 2024, Ms. Gallatin filed her Motion for Entry of Default, ECF No. 8, and on October 21, 2024, the Clerk of Court entered a default against VCG. ECF No. 9. Ms. Gallatin

---

2025); *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018) ("A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default judgment) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A)[.]") (citation omitted), *aff'd*, 781 F. App'x 754 (10th Cir. 2019).

[2] Because the court concludes that the Motion to Set Aside Default must be granted, the court omits the facts and procedural history relevant solely to Ms. Gallatin's Motion for Default Judgment.

[3] The court will refer to Ms. Davis as "Hospital Manager" as the parties have done.

2

filed her Motion for Default Judgment on November 4, 2024.

On November 26, 2024, attorney Rebecca Michelle Lindell entered an appearance on VCG's behalf. Notice of Entry of Appearance, ECF No. 14. VCG then sought an extension of time to respond to the Motion for Default Judgment, Motion for Extension of Time, ECF No. 15, which this court granted. ECF No. 16. On December 9, 2024, VCG filed a response to the Motion for Default Judgment, ECF No. 18, as well as its Motion to Set Aside Default.

In the Motion to Set Aside Default, VCG argues that the Clerk's entry of default should be set aside on two grounds: (1) Ms. Gallatin failed to serve it in accordance with Rule 4 of the Federal Rules of Civil Procedure, and (2) good cause exists to set aside the entry of default. Motion to Set Aside Default at 1-2. Regarding service, VCG maintains that this court lacks personal jurisdiction because the Hospital Manager was not authorized to accept service on its behalf. *Id.* at 4-5.

VCG also argues that good cause exists to set aside the entry of default. For this, VCG first claims that its failure to timely respond to the Complaint was "not willful but . . . an honest mistake." *Id.* at 9. VCG submitted a declaration from Shannon Walpole—an attorney in the company's legal department—detailing the conditions that led to this error. Declaration of Shannon Walpole, ECF No. 19-1 ("Walpole Decl.") ¶¶ 12-17. Ms. Walpole states that, during the relevant period, VCG's legal department experienced unexpected turnover and staffing shortages, leaving just two attorneys to manage the company's legal matters related to labor and employment.[4] *Id.* ¶ 12. Ms. Walpole asserts that the legal department missed an email regarding

---

[4] Per the Declaration, VCG operates more than 1,000 hospitals and has more than 20,000 employees. Walpole Decl. ¶ 3.

3

this case, which meant that it was not included in VCG's litigation tracker. *Id.* ¶ 15. According to Ms. Walpole, she did not discover VCG's failure to respond in this case until November 25, 2024, and quickly moved to remedy that omission. *Id.* ¶ 17.

VCG then turns to what it claims are its meritorious defenses it could raise should the court set aside the default. Motion to Set Aside Default at 10-14. Summarized at a high level of generality, if given the chance to do so, VCG intends to assert that (1) Ms. Gallatin was not a qualified individual for her position, (2) she was terminated for legitimate non-discriminatory reasons, (3) at least some of the claims are barred by the statute of limitations, and (4) the conduct and conditions alleged do not rise to the level of a viable employment discrimination claim under applicable law. *Id.* at 13-14. Finally, VCG claims that Ms. Gallatin will not suffer prejudice if the court sets aside the default, emphasizing that its delay was relatively minimal. *Id.* at 14-15.

Ms. Gallatin takes issue with each of these points, contending that each is generally unpersuasive or legally insufficient. *See generally* Response to Motion to Set Aside Default, ECF No. 21 ("Response").

## ANALYSIS

The court begins its analysis with VCG's assertion that the court lacks personal jurisdiction over it because it was not served in accordance with Rule 4.

**I.     VCG was not properly served, preventing this court's exercise of personal jurisdiction over it.**

Before a court can assert jurisdiction over a particular defendant, that defendant must be properly served. *E.g.*, *Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court

4

ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted). Upon a showing of improper service, the court is obliged to set aside an entry of default. *See Thrasher v. Rocky Mountain Auto Brokers, Inc.*, No. 18-cv-02342-PAB-KMT, 2019 WL 4695831, at *1 (D. Colo. Sept. 25, 2019) ("Failure to effectuate proper service, thus preventing the exercise of personal jurisdiction over a party, constitutes good cause to set aside an entry of default.") (citations omitted). The burden of showing proper service lies with the plaintiff. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (citations omitted).

Because VCG is a corporation, service is governed by Federal Rule of Civil Procedure 4(h), which provides:

> Unless federal law provides otherwise, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h) (cleaned up). The parties appear to agree that Ms. Gallatin's delivery of the summons and Complaint to the Hospital Manager would only be proper under subpart (A) and its reference to Rule 4(e)(1), *see* Motion to Set Aside Default at 4-5; Response at 6, which generally authorizes service by methods approved under the law of the state in which a federal district court is located. Fed. R. Civ. P. 4(e)(1) (permitting service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

5

district court is located or where service is made").

Turning to the relevant provision of Colorado law, Colorado Rule of Civil Procedure 4(e)(4) permits service of a limited liability company by:

> [D]elivering a copy to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or of any other jurisdiction, or that agent's secretary or assistant, or one of the following:
> (A) An officer of any form of entity having officers, or that officer's secretary or assistant;
> (B) A general partner of any form of partnership, or that general partner's secretary or assistant;
> (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members, or that manager's secretary or assistant;
> (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant; . . .
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under:
> > (I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other documents of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or
> > (II) the law pursuant to which the entity is formed or which governs the operation of the entity[.]

Colo. R. Civ. P. 4(e)(4)(A)-(D), (F). And if no such individual exists or can be found in the state of Colorado, subpart (G) provides for service:

> [U]pon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4)(G).

6

According to VCG, the Hospital Manager does not fall under any of Colorado Rule 4(e)(4)'s enumerated categories of individuals authorized to accept service on a company's behalf. Although it is her burden to show that VCG was properly served, Ms. Gallatin fails to mount a thorough rejoinder to VCG's argument.[5] For instance, Ms. Gallatin does not specify which of the provisions above the Hospital Manager satisfies, saying only that the Hospital Manager was a "managing agent." Response at 6. But the Colorado Supreme Court has seemingly "taken the opposite position that managers of the business are not in an appropriate position to accept service on behalf of a company's registered agent." *Shields v. Duncan*, No. 14-cv-02231-RM-MEH, 2015 WL 3947221, at *3 (D. Colo. June 26, 2015) (citing *In re Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 317 (Colo. 2010) ("Service on a supervisor or manager of the business offers no assurance that the defendant will ever receive actual notice.")). Based on the holding in *Goodman Associates*, as recognized in *Shields*, it would appear that delivering a summons and copy of the complaint on the Hospital Manager was *not* a proper means of serving VCG. While Ms. Gallatin discusses the decision in *Shields*, her only attempt to distinguish that case—which involved purported service to a manager of a motel—from the one here is her argument that "[a] motel manager is entirely different than a Hospital Manager at a small veterinary hospital." Response at 6. The court is unpersuaded by that cursory, unadorned assertion.

In the end, the court cannot find that Ms. Gallatin has carried her burden and demonstrated that her attempt to serve VCG complied with Rule 4. *See, e.g.*, *Thrasher*, 2019 WL

---

[5] Ms. Gallatin devotes a single paragraph of just nine lines to counter VCG's argument it was not served properly. *See* Response at 6.

7

4695831, at *2 ("Plaintiffs have provided no evidence to demonstrate Rodriguez is a proper recipient of process under Fed. R. Civ P. 4.") (citing *Inversora Murten, S.A. v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *3 (D. Colo. Jan. 22, 2009) ("The Plaintiff's failure to show that this person was one of those permitted to receive process under Fed. R. Civ. P. 4(h)(1)(B) prevents the Plaintiff from carrying its burden of proving that its service was proper.")). Without sufficient evidence that service was proper, the court is "unable to tell from the record whether defendant was properly served and whether it has personal jurisdiction over defendant[,]" and thus, "[g]ood cause exists to set aside the entry of default." *Id.* (citing *Jacobs v. Ocwen Loan Servicing, LLC*, No. 13-cv-02518-REB-BNB, 2013 WL 9541980, at *2 (D. Colo. Dec. 2, 2013)).

As a consequence of this lack of proper service, the Motion to Set Aside Default must be **GRANTED**. Although service was insufficient, it is curable; therefore, it is further **ORDERED** that Ms. Gallatin shall serve VCG in a manner authorized under Rule 4 of the Federal Rules of Civil Procedure within 60 days of this Order. *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("When a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (citing 5 Wright & Miller, Federal Practice and Procedure § 1354 (1969)).

## II.     Good cause exists to set aside the entry of default.

Improper service aside, under the facts and circumstances of this case, the court would nonetheless find it necessary to set aside the Clerk's entry of default. Rule 55(c) requires that a default be set aside upon a showing of "good cause," which represents a lower threshold than

8

what is called for to set aside a default judgment under Rule 60(b).[6] *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Internat'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). Whether good cause exists is a matter left to the court's discretion. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 796-97 (10th Cir. 2008). In exercising its discretion, a court must be mindful of the strong preference that cases be decided on their merits. *See In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (citations omitted). Thus, default judgments are disfavored. *See, e.g.*, *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012). When presented with a request to set aside an entry of default, courts consider three factors: "(1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense." *Rayford v. Arnette*, No. 24-cv-00654-RMR-NRN, 2024 WL 4202218, at *2 (D. Colo. Aug. 13, 2024), *recommendation adopted*, 2024 WL 4202134 (D. Colo. Aug. 28, 2024) (citation omitted). Here, all three factors support a finding of good cause.

***VCG's culpability.*** Courts in this District "have consistently held that an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error." *Gold v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-01348-PAB-STV, 2018 WL 1010943, at *2 (D. Colo. Feb. 22, 2018) (citations omitted). VCG's explanation suggests that its failure to timely respond to the Complaint was the result of an unintentional oversight. The court also notes that VCG moved quickly to rectify its

---

[6] Ms. Gallatin's Response argues that VCG must make the heightened showing required for setting aside a default *judgment*, but because the court has not entered default judgment against VCG—just an entry of default—the court respectfully agrees with VCG that the lesser "good cause" standard under Rule 55(c) is the appropriate legal standard to apply here.

9

mistake upon discovering it. According to VCG, it found out about this case and its failure to respond on November 25, 2024, and by the very next day, an attorney had entered an appearance on its behalf and requested an extension of time to respond to the Motion for Default Judgment. Ms. Gallatin has not come forth with any evidence to refute VCG's proffered timeline or explanation to show that VCG's conduct was more than a good-faith mistake. Accordingly, the first factor supports VCG.

***Prejudice to Ms. Gallatin.*** "Prejudice is established when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) (cleaned up, citation omitted). In her Response, Ms. Gallatin fails to identify the actual or potential prejudice to her with any degree of particularity. Nor can this court discern any concrete prejudice as a result of VCG's relatively short period of inaction. Thus, the lack of prejudice to Ms. Gallatin provides further support for setting aside the entry of default.

***Meritorious defenses.*** The court could end its analysis here. *See Gold*, 2018 WL 1010943, at *2 ("Given that the other factors—culpability and prejudice—weigh in favor of setting aside the entry of default, the Court finds that any doubts in regard to the existence of meritorious defenses should be resolved in defendant's favor.") (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided")).

However, even if the court considered the third factor, it, too, would favor setting aside

10

the entry of default. To determine whether a defendant has raised a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). But a movant need not prove a likelihood of success on the merits. *See SecurityNational*, 2014 WL 4627483, at *3. Here, Ms. Walpole's Declaration posits facts suggesting that Ms. Gallatin was terminated for legitimate non-discriminatory reasons, a plausible defense to Ms. Gallatin's claims of employment discrimination. *See* Walpole Decl. ¶ 25 (claiming that VCG terminated Ms. Gallatin for engaging in a verbal altercation with a co-worker and caused a disruption in violation of VCG's policies); *see also Viegas*, 2024 WL 5381421, at *3 ("These general defenses are more than enough to satisfy the relatively low threshold for this last factor.").

Because all three factors weigh in VCG's favor, the court finds that there is good cause to set aside the Clerk's entry of default, ECF No. 9. Therefore, the court additionally **GRANTS** the Motion to Set Aside Entry of Default, ECF No. 19, on this alternative ground.

\*   \*   \*

Having granted the Motion to Set Aside Entry of Default, the court **RECOMMENDS** that the Motion for Default Judgment, ECF No. 11, be **DENIED as moot**. *See Viegas*, 2024 WL 5381421, at *3 (recommending same)

## CONCLUSION

For the reasons above, the court **GRANTS** the Motion to Set Aside Entry of Default, ECF No. 19. It is further **ORDERED** that Ms. Gallatin shall serve VCG in accordance with the Federal Rules of Civil Procedure within 60 days of this Order. Finally, the court

**RECOMMENDS** that the Motion for Default Judgment, ECF No. 11, be **DENIED as moot**.[7]

DATED: April 30, 2025                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[7] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").